UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and ARTHUR H. BUNTE, JR., as Trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 15-cv-00796 |
| v. | ) ) ) | Judge Sharon Johnson Coleman |
| DULUTH PAPER & SPECIALTIES CO., a Minnesota corporation, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, and Arthur H. Bunte, Jr. (together the "Pension Fund") filed their one-count complaint against Duluth Paper & Specialties Co. ("Duluth"). The Pension Fund asserts a single claim for withdrawal liability under the Employee Retirement Income Security Act ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act ("MPPAA"), 29 U.S.C. § 1001 *et. seq*. Duluth moves to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court denies the motion to dismiss.

**Background**

The following facts are taken from the amended complaint and accepted as true for the purposes of ruling on the instant motion. The Pension Fund is a multiemployer pension plan within the meaning of ERISA. Duluth is a Minnesota corporation bound by collective bargaining agreements with certain local Teamsters under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

On May 19, 2013, the Pension Fund determined that Duluth either permanently ceased to have an obligation to contribute to the Pension Fund or permanently ceased all covered operations. The Fund thus concluded that Duluth had effected a "complete withdrawal" from the Pension Fund within the meaning of ERISA § 4203, 29 U.S.C. § 1383.[1] As a result of the withdrawal, the Pension Fund determined that Duluth incurred joint and several withdrawal liability to the Pension Fund in the amount of $584,866.88. On or about March 27, 2014, the Pension Fund sent Duluth a notice and demand for payment of the withdrawal lability, seeking full payment by April 1, 2014, pursuant to ERISA § 4219(c)(5)(B), § 1399(c)(5)(B), and Appendix E, § 5(e)(2) of the Pension Fund's Plan Document. To date, Duluth has only paid the Pension Fund $215,784.91. Duluth has not initiated arbitration pursuant to ERISA § 4221(a)(1), § 1401(a)(1). Thus, the Pension Fund filed the instant complaint seeking to collect the outstanding withdrawal lability balance, interest, and attorneys' fees and costs. Duluth then filed its motion to dismiss which is now fully briefed.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint rather than the merits of the claim. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a defendant's Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Detailed factual allegations are not required, but the plaintiff must allege facts that when "accepted as true … state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

---

[1] The Court removes the "29 U.S.C." prefix from future references.

(2007)). A claim has facial plausibility when the complaint's factual content allows the Court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Id.*

**Discussion**

Duluth's motion does not challenge the legal sufficiency of the Pension Funds' claim, rather its arguments address the merits of the claim and whether this Court should hear the parties' dispute. Duluth contests the amount of withdrawal liability owed. It argues that the Court should reduce the amount of liability assessed by the Pension Fund pursuant to a provision of ERISA it claims applies here. Duluth further argues that since the Pension Fund failed to demand "interim payments" under the MPPAA, it has waived its right to collect the balance of the assessed withdrawal liability. Alternatively, Duluth argues that the Court should equitably toll the deadline for it to initiate arbitration under ERISA and order that the parties arbitrate their dispute. In response, the Pension Fund contends that Duluth's motion should be denied because the Fund has satisfied the pleading requirements of Rule 8(a)(2).

The Court need not consider the parties' arguments regarding the amount of withdrawal liability owed and whether the Pension Fund waived its right to collect the outstanding withdrawal liability balance as these arguments are directed towards the merits of the Pension Fund's claim and Duluth's apparent affirmative defense, neither of which the Court addresses on a 12(b)(6) motion to dismiss. *See, e.g., Hallinan*, 570 F.3d at 820. Further, Duluth's request to compel arbitration is more appropriately made in a separate motion.

The Court will, however, address the legal sufficiency of the Pension Funds' claim for withdrawal liability. In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 455-56 (7th Cir. 1998). Here, the Pension Fund seeks full payment of the entire amount of the

assessed withdrawal liability, $584,866.88, pursuant to ERISA § 4219(c)(5)(B), § 1399(c)(5)(B) and Appendix E, § 5(e)(2) of the Pension Fund's Plan. (Compl., Dkt. # 1, ¶ 12.) That section of ERISA provides that in the event of a default, any event defined in the rules adopted by the plan which indicates a substantial likelihood that an employer will be unable to pay its withdrawal liability, "a plan sponsor may require immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made." ERISA § 4219(c)(5)(B), 29 U.S.C. § 1399(c)(5)(B); *see also Trustees of Chicago Truck Drivers, Helpers & Warehouse Workers Union (Independent) Pension Fund v. Central Transport, Inc.*, 935 F.2d 114, 116 (7th Cir. 1991) (citing 29 U.S.C. § 1451(a)(1)) ("If the employer does not pay the sums demanded, the trust [or fund] may file a civil action in federal court to collect.")

The Pension Fund alleged that Duluth effected a complete withdrawal from the Pension Fund and thus incurred withdrawal liability. (Dkt. # 1, ¶¶ 10, 11.) It also alleged that it sent a notice and demand of payment to Duluth, and that while Duluth paid the Pension Fund some of the liability, $393,431.75 of the principal balance still remains outstanding. (*Id.*, ¶¶ 12, 13.) The Court finds that the Pension Funds' allegations adequately state a cause of action against Duluth for withdrawal liability. Accordingly, Duluth's motion to dismiss is denied.

**Conclusion**

For the foregoing reasons, Duluth's motion to dismiss [13] is denied. Duluth shall file its answer within twenty-one days of this order.

SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: 9/18/15